Chief Judge Desmond (dissenting).
I dissent and vote to affirm.
For a century, from McCluskey v. Cromwell (11 N. Y. 593) to Matter of Roosevelt Raceway v. Monaghan (9 N Y 2d 293, 304), the appellate courts of New York have been stating with emphasis and applying with consistency the first, best rule of statutory construction: “ if the language of a statute is plain and unambiguous, there is neither need nor warrant to look elsewhere for its meaning”. Section 889-b of the Penal Law is too clear for misreading and it fits the facts of this case like a glove, yet the conviction is reversed and the indictment dismissed. The statute incriminates one “ who shall falsely make, alter, forge or counterfeit a doctor’s prescription ’ ’. Defendant variously filled in a fictitious name and the name of a person who was dead on prescription blanks for narcotics, had the prescriptions filled at pharmacies and then gave the drugs to an addict. If he did not thus 1 ‘ falsely make ” a “ doctor’s prescription ”, words have lost their meaning. That there is another statute (Public Health Law, § 3351, subd. 1, par. [a], cl. [4]) which also penalizes this conduct is interesting but legally of no consequence. If defendant had been convicted under that other law, he would, I suppose, defend on the ground that section 889-b of the Penal Law is more appropriate for his offense.
Judges Fuld, Van Voorhis, Burke and Bergan concur with Judge Dye; Chief Judge Desmond dissents and votes to affirm in an opinion; Judge Scileppi taking no part.
Judgment reversed, etc.